UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| DALTON ERIC DANIEL CRUTCHFIELD, JR., | ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | No. 23-1006-SHM-tmp |
| WEAKLEY COUNTY, | ) ) ) | |
| Defendant. | ) | |

**ORDER DISMISSING THE COMPLAINT (ECF NO. 1) WITH PREJUDICE IN PART AND WITHOUT PREJUDICE IN PART; GRANTING LEAVE TO AMEND THE CLAIMS DISMISSED WITHOUT PREJUDICE; DENYING MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 2); AND DENYING MOTION FOR JURY TRIAL (ECF NO. 6)**

On January 13, 2023, Plaintiff Dalton Eric Daniel Crutchfield, Jr. filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) and a motion for appointment of counsel (ECF No. 2 (the "First Motion").) When Crutchfield filed the complaint, he was confined at the Obion County Jail (the "OCJ"), in Union City, Tennessee. (ECF No. 1-1 at PageID 3.) The complaint alleges claims of (1) malicious prosecution and (2) defamation, arising from Crutchfield's being "put in the Weakley County newspaper" after his indictment in January 2016 for aggravated robbery. (ECF No. 1 at PageID 1.) Crutchfield sues Weakley County. (*Id.*) Crutchfield seeks ten million dollars ($10,000,000.00) in damages. (*Id.* at PageID 2.)

On January 30, 2023, Crutchfield filed a motion for a jury trial. (ECF No. 6 (the "Second Motion").)

On March 21, 2023, the Court granted leave to proceed *in forma pauperis*. (ECF No. 10.)

The complaint (ECF No. 1), the First Motion (ECF No. 2), and the Second Motion (ECF No. 6) are before the Court.

For the reasons explained below: (1) the complaint is DISMISSED WITH PREJUDICE in part and WITHOUT PREJUDICE in part; (2) leave to amend the claims dismissed without prejudice is GRANTED; and (3) the First Motion and the Second Motion are DENIED WITHOUT PREJUDICE.

I.  **SCREENING THE COMPLAINT**

   **A. Legal Standard**

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007).  *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief."  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).  The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a

2

complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Federal Rule of Civil Procedure 8 provides guidance on this issue. Although Rule 8 requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases accord more deference to *pro se* complaints than to those drafted by lawyers. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

**B. Requirements To State A Claim Under § 1983**

Crutchfield alleges claims under 42 U.S.C. § 1983. (ECF No. 1 at PageID 1 (alleging "violation of civil rights constitutional violation").) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

**C. Claims That Arose Prior To January 10, 2022**

The only date Crutchfield alleges in the complaint is January 2016 -- *i.e.*, when he was (1) indicted for aggravated robbery, (2) arrested, and (3) incarcerated in the OCJ. (ECF No. 1 at PageID 1.)

The limitations period for § 1983 actions arising in Tennessee is the one-year limitations provision in Tenn. Code Ann. § 28-3-104(a)(1)(B). *Edison v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634-35 (6th Cir. 2007); *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). "Although state law provides the statute of limitations to be applied in a § 1983 damages action, federal law governs the question of when that limitations period begins to run." *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984) (citations omitted); *see also Howell v. Farris*, 655 F. App'x 349, 351 (6th Cir. 2016). Federal law dictates that the statute of limitations begins to run at the time the plaintiff "knows or had reason to know" of the alleged injury through "reasonable diligence." *Edison*, 510 F.3d at 635; *Sevier*, 742 F.2d at 272.

Crutchfield dated his signature on the complaint as January 10, 2023. (ECF No. 1 at PageID 2.) For discussion purposes and for liberal construction of the complaint in Crutchfield's favor, the Court treats January 10, 2023 as the date on which Crutchfield gave the complaint to OCJ authorities for mailing to the Court. *See Houston v. Lack*, 487 U.S. 266, 270, 276 (1988) (adopting the mailbox rule for federal *pro se* prisoner filings).

To the extent the complaint alleges claims arising from conduct that occurred before January 10, 2022, those claims are DISMISSED WITH PREJUDICE as untimely.

**D.  Claims Against Weakley County**

Crutchfield sues Weakley County as the sole Defendant. (ECF No. 1 at PageID 1.)

Weakley County may be held liable only if Crutchfield's injuries were sustained pursuant to an unconstitutional custom or policy of Weakley County. *See Monell v. Dep't of Soc. Serv.*,

4

436 U.S. 658, 691-92 (1978). To demonstrate such municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).

Crutchfield does not allege that he has been deprived of a constitutional right because of a policy or custom of Weakley County. Crutchfield alleges instead that: (1) he was maliciously prosecuted for aggravated robbery. To support that claim, Crutchfield alleges that he was "acquitted [at trial] on all charges" (ECF No. 1 at PageID 1); and (2) his "name [was] scandalized by Weakley County … in the Weakley County newspaper", making it "hard for me to find a job or maintain my mental and physically [sic] abilities." (*Id*. at PageID 1-2.) The complaint does not allege any policy or custom of Weakley County, much less a policy or custom pursuant to which Weakley County deprived Crutchfield of his constitutional rights.

Crutchfield's claims under § 1983 against Weakley County are DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief.

### E. Amendment Under The PLRA; The Second Motion

The Sixth Circuit has held that a District Court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[W]e hold,

like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded"). Leave to amend is not required where a deficiency cannot be cured. *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed. If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court grants leave to amend under the conditions set forth below. *See* Section IV.B.

## II.     THE FIRST MOTION

Crutchfield seeks appointment of counsel to "to assist me further in my case [and] to help me with filing other motions to help with my case." (ECF No. 2 at PageID 4.) The First Motion offers no facts or arguments supporting Crutchfield's generalized request for appointment of counsel. The First Motion does not warrant the relief Crutchfield seeks.

"The court may request an attorney to represent any person unable to afford counsel," *see* 28 U.S.C. § 1915(e)(1), but "[t]here is no constitutional or ... statutory right to counsel in federal civil cases." *Farmer v. Haas*, 990 F.2d 319, 323 (7th Cir. 1993); *accord Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). The appointment of counsel in a civil proceeding is a privilege justified only in exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir.

1993). Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when his chances of success are slim. *Id.*

The decision to appoint counsel for an indigent litigant in a civil case is a matter vested within the broad discretion of the Court. *Childs v. Pellegrin*, 822 F.2d 1384 (6th Cir. 1987); *see also Lavado*, 992 F.2d at 604-05. To determine whether there are exceptional circumstances, a court examines the pleadings and documents to assess the merits of the claims, the complexity of the case, the *pro se* litigant's prior efforts to retain counsel, and his ability to present the claims. *Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 760 (6th Cir. 1985); *see also Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) ("The key [to determining whether there are exceptional circumstances] is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help").

The claims in the complaint are not complex. Crutchfield alleges two (2) claims under § 1983, an area of well-settled law.

To the extent Crutchfield seeks counsel to file dispositive motions in the case, Crutchfield's argument in premature. Crutchfield's initial complaint does not survive screening under the PLRA, and discovery has not begun.

To the extent Crutchfield seeks appointment of counsel because he lacks formal legal training, *see* ECF No. 2 at PageID 4 (alleging "this is my first time filing a suit"), Crutchfield's argument is unpersuasive. *See Saddozai v. Arqueza*, No. 18-cv-3972, 2022 WL 16824324, at *1 (N.D. Cal. Oct. 7, 2022) (denying motion for reconsideration of order denying appointment of counsel because "circumstances involving … lack of legal knowledge … are not exceptional among prisoner-plaintiffs"); *see also Howard v. Dougan*, No. 99-2232, 2000 WL 876770, at *2

(6th Cir. June 23, 2000) ("The district court had no duty to remedy [Plaintiff's] lack of legal training by appointing counsel, as no constitutional right to counsel exists in a civil case") (citing *Lavado*, 992 F.2d at 605-06). Crutchfield's "circumstances [being untrained in the law] are typical to most prisoners." *See Bowers v. Power*, No. 3:17-cv-01599, 2018 WL 1794730, at *2 (M.D. Tenn. Apr. 16, 2018). Crutchfield does not demonstrate exceptional circumstances warranting appointment of counsel.

The First Motion (ECF No. 2) is DENIED WITHOUT PREJUDICE, subject to Crutchfield's right to re-file a motion for appointment of counsel if the case proceeds.

### III. THE SECOND MOTION

Crutchfield has filed a "motion for jury trial [because] I did not receive an [sic] 1983 form givin[g] me an option for a jury trial." (ECF No. 6 at PageID 14.)

Like all prisoners proceeding *pro se* before the Court, Crutchfield must familiarize himself with, and follow, the Court's Local Rules and the Federal Rules of Civil Procedure. *See Howard*, 2000 WL 876770, at *2. Those Rules, as well as procedural forms like complaints under § 1983, are available on the Court's website. (*See* https://www.tnwd.uscourts.gov/pro-se-litigants.php.) The Court cannot act as counsel or paralegal for Crutchfield by providing him with forms. (*See* ECF No. 6 at PageID 14.)

Because the Court (1) grants leave to amend the complaint (*see* Sections I.E and IV.B above), and (2) directs the Clerk to mail a § 1983 complaint form to Crutchfield (*see* Section IV.C below), Crutchfield should include a request for a jury trial in an amended complaint. The Second Motion is premature. The initial complaint fails to survive screening under the PLRA. The Second Motion is DENIED WITHOUT PREJUDICE, subject to Crutchfield's right to request a jury trial in an amended complaint.

8

### IV.     CONCLUSION

For the reasons explained above:

A.     The claims in the complaint (ECF No. 1) that arose prior to January 10, 2022, are DISMISSED WITH PREJUDICE for failure to state a claim to relief as a matter of law. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). All other claims in the complaint (ECF No. 1) are DISMISSED WITHOUT PREJUDICE (the "Claims Dismissed Without Prejudice") for failure to allege facts stating a claim to relief under 42 U.S.C. § 1983. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

B.     Leave to amend the Claims Dismissed Without Prejudice is GRANTED. An amended pleading must be filed within twenty-day (21) days of the date of this Order and must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Crutchfield's claims. An amended complaint supersedes the initial complaint and must be complete in itself without reference to the prior pleadings. Crutchfield must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the amended complaint. All claims alleged in an amended complaint must arise from the facts alleged in the initial complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count. To the extent Crutchfield seeks a jury trial if this case proceeds, he should include a request for a jury trial in an amended complaint. If Crutchfield decides to amend his claims, he must use the "Complaint For Violation Of Civil Rights Under 42 U.S.C. § 1983" form.[1] If Crutchfield fails to file an amended complaint within

---

[1] *See* https://www.tnwd.uscourts.gov/pdf/content/CivilRightsComplaint.pdf.

the time specified, the Court will dismiss the complaint with prejudice in its entirety and enter judgment. The Court recommends that any such dismissal should be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021).

C. The Clerk is DIRECTED to mail a "Complaint For Violation Of Civil Rights Under 42 U.S.C. § 1983" form to Crutchfield.

D. The First Motion (ECF No. 2) is DENIED WITHOUT PREJUDICE, subject to Crutchfield's right to re-file a motion for appointment of counsel if the case proceeds.

E. The Second Motion (ECF No. 6) is DENIED WITHOUT PREJUDICE, subject to Crutchfield's right to file an amended complaint that requests a jury trial if the case proceeds.

IT IS SO ORDERED, this 16th day of May, 2023.

       /s/ *Samuel H. Mays, Jr.*
       SAMUEL H. MAYS, JR.
       UNITED STATES DISTRICT JUDGE