UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| DALTON ERIC DANIEL CRUTCHFIELD, JR., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 23-1006-SHM-tmp |
| WEAKLEY COUNTY, | ) ) | |
| Defendant. | ) ) | |

**ORDER DISMISSING CASE;
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH;
NOTIFYING CRUTCHFIELD OF APPELLATE FILING FEE; AND
RECOMMENDING THIS DISMISSAL BE TREATED AS A STRIKE UNDER
§ 28 U.S.C. 1915(g)**

On January 13, 2023, Plaintiff Dalton Eric Daniel Crutchfield, Jr. filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (ECF No. 1) and a motion for appointment of counsel (ECF No. 2 (the "First Motion").)  When Crutchfield filed the complaint, he was confined at the Obion County Jail (the "OCJ"), in Union City, Tennessee.  (ECF No. 1-1 at PageID 3.)  On May 16, 2023, the Court dismissed the complaint with prejudice in part and without prejudice in part, granted leave to amend the claims dismissed without prejudice within twenty-one (21) days, denied Crutchfield's motion for appointment of counsel (ECF No. 2), and denied Crutchfield's motion for jury trial (ECF No. 6).  (ECF No. 11 (the "Screening Order").)  Crutchfield's deadline to amend was Tuesday, June 6, 2023.

Crutchfield has not filed amended claims and has not sought an extension of time to do so.

The Court DISMISSES this case with prejudice in its entirety for the reasons discussed in the Screening Order. Judgment will be entered in accordance with that prior Order.

For § 1915(g) analysis of Crutchfield's future filings, if any, the Court recommends that the dismissal of this case be treated as a strike pursuant to § 1915(g). *See Simons v. Washington*, 996 F.3d 350 (6th Cir. 2021); *see also* ECF No. 11 at PageID 35-36 (recommending that a dismissal of this case for Crutchfield's failure to timely amend be treated as a strike pursuant to § 1915(g).)

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), it is CERTIFIED that any appeal in this matter by Crutchfield would not be taken in good faith. If Crutchfield nevertheless chooses to file a notice of appeal, Crutchfield must either pay the entire five hundred and five dollar ($505.00) appellate filing fee or, if Crutchfield is confined at that time, submit a new *in forma pauperis* affidavit and a current, certified copy of Crutchfield's inmate trust account statement for the last six months, in compliance with 28 U.S.C. §§ 1915(a)-(b).

IT IS SO ORDERED, this 30th day of June, 2023.

                                              /s/ *Samuel H. Mays, Jr.*
                                              SAMUEL H. MAYS, JR.
                                              UNITED STATES DISTRICT JUDGE